**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **WESTERN STATE BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 26-1110-KHV** |
| **JAMES DANIEL LINLOR, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On March 27, 2026, Western State Bank filed this foreclosure action in the District Court of Ford County, Kansas, alleging that James Linlor and Stuga, LLC were in default on a promissory note secured by a mortgage on real estate located in Ford County.  Because a federal tax lien had been filed against the real estate, plaintiff also named the United States, on behalf of the Internal Revenue Service, as a defendant.  See State Court Records (Doc. #19) filed May 19, 2026.  On April 29, 2026, the United States removed the case to this Court under 28 U.S.C. § 1444.  See Notice of Removal (Doc. #1).  This matter comes before the Court on *pro se* Defendants James Linlor And Stuga, LLC's Motion For Change Of Venue (Doc. #14) filed May 10, 2026.  Defendants ask the Court to transfer the case to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404.  For reasons set forth below, the Court overrules the motion.

**Legal Standard**

Whether to transfer venue under 28 U.S.C. § 1404 is within the sound discretion of the district court, and the party seeking the transfer has the burden of demonstrating that it is appropriate.  See Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir.1992).  The Court may transfer a case to any district or division where it might have been brought for "the convenience of parties

and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).

In evaluating a transfer under Section 1404(a), the Court considers (1) plaintiff's choice of forum, (2) the convenience of witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the relative advantages and obstacles to a fair trial and (5) "all other considerations of a practical nature that make a trial easy, expeditious and economical."  Hartwick v. Lodge 70 Int'l, No. 99-4139-SAC, 2000 WL 970670, at *1 (D. Kan. June 16, 2000) (citing Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515–16 (10th Cir. 1991)).  Unless the balance is strongly in favor of the movant, the Court should rarely disturb plaintiff's choice of forum.  Id. (citing Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992)).  The moving party bears the burden of proving that the existing forum is inconvenient.  Id.

### Analysis

This action originated as a foreclosure on real property, therefore it had to be brought in the county in which the real property was situated.  K.S.A. § 60-601.  Thus, subject to removal to federal court, venue was only proper in Ford County, Kansas.  Since the foreclosure could not have been brought in Nevada, the Court cannot transfer this action to the District of Nevada.

If the case were transferable, transfer to Neveda would only be convenient for Linlor and Stuga, LLC.  Since all other parties, the land itself and presumably the evidence are located in Kansas, transfer would not make the trial easier, more expeditious or economical.

**IT IS THEREFORE ORDERED** that Defendants James Linlor And Stuga, LLC's Motion For Change Of Venue (Doc. #14) filed May 10, 2026 is **OVERRULED.**

Dated this 29th day of June, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-2-