**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **WESTERN STATE BANK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JAMES DANIEL LINLOR, et al.,**<br><br>**Defendants.** | ) | **CIVIL ACTION**<br><br>**No. 26-1110-KHV** |

**<u>MEMORANDUM AND ORDER</u>**

Western State Bank filed this foreclosure action in the District Court of Ford County, Kansas, alleging that James Linlor and Stuga, LLC defaulted on a promissory note secured by a mortgage on real estate in Ford County. <u>See</u> <u>State Court Records</u> (Doc. #19) filed May 19, 2026. On June 29, 2026, the Court overruled defendants' motion for a change of venue. <u>See</u> <u>Defendants James Linlor And Stuga, LLC's Motion For Change Of Venue</u> (Doc. #14) filed May 10, 2026; <u>Order</u> (Doc. #42). This matter is before the Court on <u>Defendant James Linlor's Motion To Reconsider Dkt 42</u> (Doc. #43) filed July 6, 2026. Defendant asks the Court to transfer this case to the "Wichita US Court," to stay the case and to correct errors in the Court's previous <u>Order</u> (Doc. #42). For reasons stated below, the Court overrules defendant's motion.

A party seeking reconsideration of a non-dispositive order must file a motion within 14 days after the order is filed, unless the Court extends the time. D. Kan. Rule 7.3(b). The motion must be based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. <u>Id.</u> A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier

through the exercise of due diligence. Comeau v. Rupp, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005). Whether to grant a motion to reconsider is left to the Court's discretion.

The United States District Court for the District of Kansas is one district with multiple courthouses, so the Court construes defendant's request to transfer this case to Wichita as a request to hold the trial in Wichita. The Court denies this request because it is premature. Defendant will have the opportunity to discuss the location of trial with Magistrate Judge Angel D. Mitchell and the other parties during preparation of the pretrial order.[1]

Defendant's request to stay is not appropriately raised in his motion to reconsider, because the Court's previous order (and defendant's original motion) did not address that issue. Further, defendant's request is moot since the Court has stayed all claims and counterclaims except the mortgage foreclosure action. See Scheduling Order (Doc. #57) filed August 6, 2026.

Defendant asks the Court to correct its order because he—not the United States—first removed the case to this Court. Court records, however, reflect no error: the Court received the notice of removal from the United States on April 29, 2026 at 12:36 PM, while the Court received defendant's notice two hours later on April 29, 2026 at 3:19 PM. Regardless, who first filed the notice of removal is immaterial.

---

[1] Magistrate Judge Mitchell has previously denied defendant's request to transfer to Wichita because his motion was underdeveloped and premature. See Order (Doc. #49) filed July 15, 2026.

Defendant's remaining arguments simply rehash his prior arguments and do not establish grounds for reconsideration. Accordingly, the Court overrules defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant James Linlor's Motion To Reconsider Dkt 42 (Doc. #43) filed July 6, 2026 is **OVERRULED.**

Dated this 15th day of September, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge